IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

CHARLES GREGG-EL, #1001517

    Plaintiff,

v.                                CASE NO. 7:16-cv-00038

JOHN DOE, *et al.,*

    Defendants.

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants E. Whited, R. Sandifer, J. Kiser, R. Mathena, L. Fleming, B.J. Ravizee, A. D. Robinson, B. Walls, J. Walrath, A. Mullins, Fred Schilling ("Defendants"), by counsel and in support of their motion for summary judgment, submit the following:

### Introduction

Plaintiff, Charles Gregg-El, #1001517, ("Plaintiff" or "Gregg-El") is a Virginia Department of Corrections ("VDOC") inmate who, during pertinent times, was incarcerated at River North Correctional Center ("RNCC").  He filed this action under 42 U.S.C. § 1983 alleging violation of his rights under the Eighth Amendment and the First Amendment.  Specifically, Gregg-El alleges that Defendants provided him with "inadequate medical assistance or otherwise denied [him] adequate medical assistance/treatment," and "retaliated against [him] by falsifying documents which denied [him] employment opportunity."  *See* Complaint.  Gregg-El is seeking $200,000.00 in compensatory damages along with injunctive relief.

Defendants enclose and incorporate by reference the affidavits of John Walrath, Warden of RNCC ("Walrath Aff."), and A. Mullins, Major at RNCC, ("Mullins Aff.").  Defendants

respectfully request that this Court consider these affidavits as evidence in support of this motion.

## STATEMENT OF UNDISPUTED FACTS

1. Gregg-El is a VDOC inmate who, during pertinent times, was incarcerated at Keen Mountain Correctional Center ("KMCC"), Wallens Ridge State Prison ("WRSP"), and River North Correctional Center ("RNCC").

2. Upon information and belief, at all pertinent times Defendants were employed with the VDOC[1].

3. Defendant E. Whited ("Whited"), R.N.C.B., is Health Authority at KMCC.

4. Defendant R. Sandifer ("Sandifer"), was the former grievance coordinator at KMCC, and upon information and belief is currently at Probation & Parole Tazewell District 43.

5. Defendant J. Kiser ("Kiser") is the Warden KMCC.

6. Defendant R. Mathena ("Mathena") was the former Warden at ROSP, and is currently Security Operations and Corrections Enforcement Coordinator.

7. Defendant L. Fleming ("Fleming") was the former Warden at KMCC, and is currently Warden of WRSP.

8. Defendant B. J. Ravizee ("Ravizee") is the Grievance Coordinator at WRSP.

9. Defendant A. D. Robinson ("Robinson") is the Chief of Corrections Operations for the VDOC.

10. Defendant B. Walls ("Walls"), Grievance Coordinator at RNCC.

11. Defendant A. Mullins ("Mullins") is a Major at RNCC.

---

[1] Plaintiff alleges that his complaints span over ten (10) years, but the Complaint does not identify the exact dates of all the complaints. Therefore, Defendants have done their best to assess their exact capacity at the time of the allegations set forth in the Complaint and reserve their right to amend.

12. Defendant Fred Schilling is retired, but was formerly the VDOC Health Services Director.

13. Defendant J. Walrath ("Walrath") is the Warden of RNCC.

14. As the Warden of RNCC, Walrath is responsible for the day-to-day operations of this institution. Walrath Aff. ¶4. He has no responsibility or supervision over the actual administration of medical services provided by the health care providers at RNCC. *Id.* Virginia Department of Corrections (VDOC) Operating Procedure (OP) 720.1, Access to Health Services, sets forth the medical services available to offenders in the VDOC. *Id.* at Enclosure A.

15. The Commonwealth of Virginia provides trained health care professionals to provide offenders quality health care at correctional facilities. Walrath Aff. ¶ 5. If any offender has a medical problem, he may seek treatment at his assigned facility. *Id.* All offenders at RNCC have access to health care services by trained professionals with expertise in their fields of practice. *Id.* If any offender has a medical problem or concern, he may seek appropriate attention and care from the health care provider at this institution. *Id.* The health care providers evaluate the offender's complaint and determine what treatment, if any, is necessary. *Id.*

15. Medical judgments always rest with qualified medical personnel who are trained to make appropriate decisions regarding care and treatment of offender patients.

16. The Offender Grievance Procedure is a mechanism for offenders to resolve complaints, appeal administrative decisions and challenge the substance of procedures. The process provides corrections administrators a means to evaluate potential problem areas and, if necessary, correct those problems in a timely manner. Walrath Aff. ¶ 7. All issues are grievable except those pertaining to policies, procedures and decisions of the Virginia Parole Board, disciplinary hearings, State and Federal court decisions, laws and regulations, and matters

beyond the control of the VDOC. *Id.* Each offender is entitled to use the grievance procedure to resolve problems. *Id.*

17. Gregg-El has filed numerous complaints and grievances during his confinement at RNCC. Walrath Aff. ¶ 8. However, upon information and belief Gregg-El has not filed a regular grievance regarding his allegations of inappropriate medical care. *Id.*

18. Defendants rely on the professional judgment of doctors, nurses, and other health care providers and do not substitute my own judgment for the health care providers' professional opinions concerning an offender's condition or treatment. Walrath Aff. ¶ 9. Defendants have no reason to believe that Gregg-El's alleged medical needs have not been appropriately addressed by health care providers at RNCC, and have not been indifferent toward any of his medical needs. *Id.*

19. The institutional policy stipulates that an offender may not be assigned to a job in the Support Building if he has been convicted of a sex offense and has served less than 10 years with the VDOC. Mullins Aff. ¶ 4. Sex offenders must not have any sex-related disciplinary convictions in order to qualify for a job in the Support Building. *Id.*

20. Gregg-El was received by the VDOC on March 5, 2002, and is currently serving a Life sentence plus 10 years and 35 days for convictions of Robbery, Malicious Wounding, Indecent Exposure and Assault and Battery. Mullins Aff. ¶ 5. His institutional charges include convictions for Indecent Exposure, Lewd or Obscene Acts and Threatening to Commit/Making Sexual Advances toward a Non-offender. *Id.* Based on these convictions, Gregg-El is not a good candidate for a job in the institution's Support Building. *Id.*

## STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Henderson v. Virginia,* 2007 U.S. Dist. LEXIS 70207 *5 (citing Fed. R. Civ. P. 56). Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *Id.* (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962)). Rule 56(c) mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (citing *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). A genuine issue of material fact exists if reasonable jurors could find by a preponderance of the evidence that the nonmoving party is entitled to [6] a verdict in his favor. *Id.* at *5-6 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. *Id.* at *6. Rule 56(e). Instead, the non-moving party must respond by affidavits or otherwise and present specific facts from which a jury could reasonably find for either side. *Id.*(citing *Anderson*, 477 U.S. at 256-57).

## ARGUMENT

A. **Plaintiff has not alleged personal involvement by Defendants Whited, Sandifer, Ravizee, Robinson, Walrath, and Schilling.**

To state a claim in § 1983, Plaintiff needs to show direct personal involvement by each particular defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009). Plaintiff alleges no personal involvement by Defendants Whited, Sandifer, Ravizee, Robinson, Walrath, and

5

Schilling. Defendants Whited, Sandifer, Ravizee, Robinson, Walrath, and Schilling were not directly involved with the allegations in Plaintiff's Complaint. Without personal involvement with Plaintiff and his claim the only basis for suit against Defendants would be under *respondeat superior*. *Respondeat superior* is not available in actions brought under 42 U.S.C. §1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). Therefore, Plaintiff has failed to state a claim against Defendants Whited, Sandifer, Ravizee, Robinson, Walrath, and Schilling, and they should be summarily dismissed from the suit.

**B.  Plaintiff has not alleged personal involvement by Defendants Kiser, Mathena, and Walls because Defendants cannot be liable under § 1983 for their grievance responses.**

Gregg-El has failed to allege that Defendants Kiser, Mathena, and Walls took any personal action to violate his rights. Liability under § 1983 requires personal action by a named defendant. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). A plaintiff, further, must affirmatively allege that the named defendants were personally involved in the alleged violations of his constitutional rights. *See e.g.*, *Garraghty v. Va. Dep't of Corr.*, 52 F.3d 1274, 1280 (4th Cir. 1995); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Barrow v. Bounds*, 498 F.2d 1397 (4th Cir. 1974).

Here, Gregg-El named Kiser, Mathena, and Walls as defendants, but refers only to their responses to his grievances as a basis for liability. But grievance responses do not create cognizable claims under § 1983 because there is no constitutional right to participate in grievance proceedings. *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022,

115 S. Ct. 1371, 131 L.Ed. 2d 227 (1995). Inmates do not have a constitutional entitlement to grievance procedures or access to any such procedure voluntarily established by a state. *Id*. Moreover, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation." *See Brown v. Va. Dep't Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13. (W.D. Va. Jan. 9, 2009) (citing *Adams v. Rice*, 40 F.3d 75, 75 (4th Cir. 1994) (superseded on other grounds)).[2] Generally, prison officials are absolutely immune from liability stemming from their participation in the inmate grievance process. *Burst v. Mitchell*, 589 F. Supp. 186 (1984). Defendants Kiser, Mathena, and Walls grievance responses were not, therefore, personal participation in allegedly violating Gregg-El's constitutional rights.

For these reasons, Gregg-El's claims against Defendants Kiser, Mathena, and Walls should be dismissed for failure to allege personal action.

### C. Eight Amendment Claim – Deliberate Indifference.

Plaintiff's Eighth Amendment claim should be dismissed on summary judgment because even if this Court views the facts in a light most favorable to the Plaintiff, Defendants are entitled to judgment as a matter of law. Plaintiff claims that he was provided "inadequate medical assistance or otherwise denied adequate medical assistance/treatment." Specifically, he alleges that Defendant Fleming offered to provide him with knee injection, which he contends was not a successful remedy in his situation. Plaintiff's allegations, however, simply fail to establish both the objective and subjective components of an Eighth Amendment claim against any of the Defendants.

---

[2] *See also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation); *DePaola v. Ray*, No. 7:12cv00139, 2013 U.S. Dist. LEXIS 117182, at *22-23 (W.D. Va. July 22, 2013); *Strickland v. Militana*, No. 7:12cv00005, 2013 U.S. Dist. LEXIS 67237, at *27 (W.D. of Va. Mar. 26, 2013).

7

It is well established that a prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," that is, if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

However, a claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Moreover, neither mere malpractice nor mere negligence in diagnosis states a federal claim. *Estelle*, 429 U.S. at 105-06; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

To bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.*

In this case, Plaintiff fails to establish that his medical need was sufficiently serious under *Farmer* and *Iko*. Upon information and belief, at the time of the alleged incident Defendant

8

Fleming was the Warden at KMCC. As the Warden, he was responsible for the day-to-day operations of this institution. Walrath Aff. ¶ 4. He did not have responsibility or supervision over the actual administration of medical services provided by the health care providers at KMCC. *Id.* Virginia Department of Corrections (VDOC) Operating Procedure (OP) 720.1, Access to Health Services, sets forth the medical services available to offenders in the VDOC. *Id.* at Enclosure A.

The Commonwealth of Virginia provides trained health care professionals to provide offenders quality health care at correctional facilities. Walrath Aff. ¶ 5. If any offender has a medical problem, he may seek treatment at his assigned facility. *Id.* All offenders have access to health care services by trained professionals with expertise in their fields of practice. *Id.* If any offender has a medical problem or concern, he may seek appropriate attention and care from the health care provider at this institution. *Id.* The health care providers evaluate the offender's complaint and determine what treatment, if any, is necessary. *Id.*

Plaintiff does not allege that Defendants knew of and disregarded a serious medical need, rather he contends that he was not offered the proper treatment plan. As stated in *Wright*, a claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright* at 849. Therefore, Plaintiff has simply failed to establish either prong of an Eighth Amendment claim for deliberate indifference to a serious medical need.

**D.    First Amendment Claim – Retaliation.**

To state a retaliation claim, an inmate must plead that: (1) he exercised a constitutional right, (2) the defendant took some action that impaired the inmate's ability to exercise that right, and (3) the inmate's exercise of his constitutional right was a substantial or motivating factor for

9

the defendant's action. *Hoye v. Clarke*, 2015 U.S. Dist. LEXIS 68237, *29-30 (W.D. Va. May 27, 2015) (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Wagner v. Wheeler*, 13 F.3d 86, 90-91 (4th Cir. 1993)). The inmate, further, must show more than a mere temporal proximity between the exercise of his right and the alleged retaliatory action. *Id*. In other words, to state a valid retaliation claim, the plaintiff must plead facts establishing that but for his protected conduct, the defendants would not have taken the alleged retaliatory action. *Huang v. Board of Governors*, 902 F.2d 1134, 1140 (4th Cir. 1990). A plaintiff's subjective beliefs and speculation are not sufficient to state a retaliation claim. *See Gillen v. Huggins*, 1997 U.S. App. LEXIS 29115 (4th Cir. Md. Oct. 23, 1997). The Fourth Circuit has also stated that retaliation claims from inmates "must . . . be regarded with skepticism." *Id.*

"To establish a First Amendment retaliation claim under § 1983, a plaintiff must show that: (1) [his] speech was protected; (2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship exists between the plaintiff's speech and the defendant's retaliatory action." *Harrison v. Owens*, 2014 U.S. Dist. LEXIS 92658 at *16 (citing *Suarez Corp. Indus. V. McGraw*, 202 F. 3d 676, 685-86 (4th Cir. 2000)). "Speech involves a matter of public concern when it involves an issue of social, political, or other interest to a community." *Id.* at *16-*17 (citing *Campbell v. Galloway*, 483 F.3d 258, 267 (4th Cir. 2007); (see also *Connick v. Myers*, 461 U.S. 138, 147, 103 S. Ct. 1684, 75 L. Ed. 2d 708 (1983) (Whether the speech relates to a matter of public concern turns on "the content, form, and context . . . as revealed by the whole record"). "On the other hand, statements that merely air 'personal grievances, complaints about conditions of employment, or expressions about other matters of personal interest' are not entitled to First Amendment protection." *Id.* at *17 (citing *Stroman v. Colleton Cnty. School Dist.*, 981 F.2d 152, 156 (4th Cir. 1992)).

10

Plaintiff alleges that Defendant Mullins retaliated against him by falsifying documents which caused to be an employment opportunity. However, prisoners do not have a constitutional right to work while incarcerated. *See Awalt v. Whalen*, 809 F. Supp. 414, 416-417 (E. D. Va. 1992). "Removing plaintiff from a job, even for reasons plaintiff perceives as wrong, cannot serve as the basis for a § 1983 action." *Riley v. Townsend*, 2010 WL 2399644 *2 (E. D. Va. June 10, 2010).

Furthermore, the institutional policy stipulates that an offender may not be assigned to a job in the Support Building if he has been convicted of a sex offense and has served less than 10 years with the VDOC. Mullins Aff. ¶ 4. Sex offenders must not have any sex-related disciplinary convictions in order to qualify for a job in the Support Building. *Id.*

Gregg-El was received by the VDOC on March 5, 2002, and is currently serving a Life sentence plus 10 years and 35 days for convictions of Robbery, Malicious Wounding, Indecent Exposure and Assault and Battery. Mullins Aff. ¶ 5. His institutional charges include convictions for Indecent Exposure, Lewd or Obscene Acts and Threatening to Commit/Making Sexual Advances toward a Non-offender. *Id.* Based on these convictions, Gregg-El is not a good candidate for a job in the institution's Support Building. *Id.*

With regard to Gregg-El's leg brace, Defendant Mullins is aware that Gregg-El was provided a knee brace during his visit with an orthopedic physician on August 24, 2015. Mullins Aff. ¶ 6. However, the brace contained two large metal plates and was not allowed in a general population housing assignment for security reasons. *Id.* The metal plates were not visible to the eye and could be removed and fashioned into a weapon. *Id.* Canes and crutches are clearly visible to security staff. *Id.* Gregg-El was advised that he could be housed in our medical unit if he chose to wear the brace, but he refused to do so. *Id.* Nevertheless, he was provided a brace

without metal plates by medical staff. *Id.*

Defendant Mullins' decisions regarding offender Gregg-El were not made in retaliation to his grievances and complaints. Mullins Aff. ¶ 7. Offender grievances and lawsuits are a usual and customary aspect of corrections administration, and Defendant Mullins does not retaliate against offenders for their grievances and legal actions. *Id.*

Plaintiff has failed to establish the first prong of a retaliation claim, as he does not have a constitutional right to employment while he is incarcerated. For the reasons stated above, Plaintiff's First Amendment retaliation claim should be summarily dismissed.

## **DEFENDANT SUED IN HER OFFICIAL CAPACITY**

To the extent that Plaintiff is attempting to bring a suit under § 1983 against the Defendants in their official capacity for monetary damages, this is not cognizable in § 1983. Neither a state nor its officials acting in their official capacities are persons for purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Therefore, to the extent that Plaintiff is suing the Defendants in their official capacity, they are immune from suit in this matter. *Id.*

## **DAMAGES AND IMMUNITIES**

To the extent that Plaintiff requests damages, the Defendants are entitled to the defense of qualified immunity, there being no allegations of conduct which violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Qualified immunity involves a two-step inquiry: whether a constitutional or statutory right would have been violated on the alleged facts and whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194 (2001). The court has the discretion to proceed directly to the second step of the *Saucier* analysis after assuming without deciding

12

that a constitutional violation occurred. *Pearson v. Callahan*, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

Because there are no facts to support Plaintiff's Eighth Amendment or First Amendment claims against Defendants, Defendants' conduct has not transgressed any bright lines and there is no knowing violation of law. *See Schultz v. Braga*, 455 F.3d 470 (4th Cir. Md. 2006). Accordingly, Defendants should be entitled to qualified immunity.

For these reasons, Defendants respectfully request this Court grant their motion and enter summary judgment on their behalf.

>
> Respectfully Submitted,
>
> E. WHITED, R. SANDIFER, J. KISER, R. MATHENA, L. FLEMING, B. J. RAVIZEE, A. D. ROBINSON, B. WALLS, J. WALRATH, FRED SCHILLING and A. MULLINS
>
> By: s/ Jessica J. Berdichevsky
> Jessica J. Berdichevsky, AAG, VSB #80015
> Attorney for named Defendants
> Office of the Attorney General
> Criminal Justice & Public Safety Division
> 900 East Main Street
> Richmond, Virginia 23219
> Phone: (804) 371-4482
> Fax: (804) 786-4239
> Email: jberdichevsky@oag.state.va.us

## CERFIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2016, I electronically filed the foregoing Memorandum in Support of Summary Judgment with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF participants: Mary Foil Russell, Esq., P.O. Box 1060, Bristol, VA 24203, Email: mrussell@vatnlaw.com, *(Counsel for D'Alessandro, Stanford, Wells)*, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant: Charles Gregg-El, #1001517, River North Correctional Center, 329 Dell Brook Lane, Independence, VA 24348.

By: s/ Jessica J. Berdichevsky
Jessica J. Berdichevsky, AAG, VSB 80015
Attorney for named Defendants
Office of the Attorney General
Criminal Justice & Public Safety Division
900 East Main Street
Richmond, Virginia 23219
Phone: (804) 371-4482
Fax: (804) 786-4239
Email: jberdichevsky@oag.state.va.us