IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Roanoke Division)

CHARLES GREGG-EL, 1001517,
    **Plaintiff,**

v.     Civil Action No. 7:16-cv-00038

JOHN DOE, *et al.*,
    **Defendants.**

## PLAINTIFF'S REPLY TO MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the plaintiff, Charles Gregg-El, proceeding pro-se, and submits this Reply to the Defendant's Motion for Summary Judgment, filed in the above-styled matter for consideration by this Honorable Court. In response to the Defendant's motion, the Plaintiff submits the following:

1. With regards to the argument that I failed to allege personal involvement by Defendants Whited, Sandifer, Ravizee, Robinson, Walrath and Schilling, it is my position that their actions were not of a supervisory role.

2. With regards to the argument that I failed to allege personal involvement by Defendants Kiser, Mathena and Walls, it is my position that while it is correct that I do not have a constitutional entitlement to a grievance procedure, I nonetheless sufficiently presented to this Court that each of these defendants were directly made aware of the denial of adequate medical care yet they chose to allow **that constitutional violation** to continue, collectively over a significant period, which in turn confirmed to the remaining defendants that their actions were proper. To qualify a defendant with immunity because of their participation in the inmate grievance process, their decisions must be "objective", which I have claimed is not the case in this matter.

3. With regards to the argument against the Eighth Amendment Claim resulting

from the defendant's deliberate indifference to my serious medical needs, it is my position that this suit is not about a "disagreement between an inmate and medical personnel regarding a course of treatment", but a blatant refusal to treat what **other medical personnel** has indicated was required.

4. Each defendant named played a personal role in the overall action which denied me "adequate" medical treatment, either through their own personal refusals, personal interferences, or personal indifferences to the medical staff's misconduct. See Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990).

5. As indicated in the complaint, throughout a span exceeding 10 years while in the Department of Corrections, my knees have become useless after a reconstructive surgery I received in 2005. Despite being told "by the surgeon" **that total knee replacement for my right knee was the best option and remedy** to combat the degenerate arthritis, and osteosclorosis, I simply have consistently been denied because that surgery is considered "elective", however the remedy offered by the numerous institutions only served to increase pains in my knee, caused the conditions in my knee to deteriorate which in turn created excess weight on my left knee and caused the same condition that was treated for my right knee.

6. Ironically, since the filing of this complaint, I have been informed that the prior 10 year refusal will now be changed and I have been scheduled for the surgery previously denied to me as "elective". My argument is that a summary dismissal will prevent the defendants from answering why a sudden change in policy has been initiated when for so long their decisions were opposite of that made following the initiation of this suit.

7. With regards to the argument against the First Amendment Claim resulting from the defendant's retaliation against me due the numerous complaint filings, it is my position that

while I agree that I do not have a constitutional right to work while incarcerated, I do have a constitutional right to be treated equal while incarcerated and for staff to follow policies as they are written not what they interpret.

8. I have consistently denied that I have any sexual related offense that would preclude me from working in this institution and a review of records would verify prior institutional employments that were subsequently denied to me following the initiation of my complaints.

9. As to the denial of the leg brace, Defendant Mullins fails to explain that the "two large metal plates" could not have been removed without security being made aware because it would have made the brace unusable and detected by staff. The threat of a weapon could have been found more with a cane than my brace.

10. The fact that Defendant Mullins states that she does not retaliate against offenders for their grievances is not sufficient argument to warrant a summary judgment. Further argument is required to establish what I will prove is a pattern of abuses by Mullins that should support my current claim.

**WHEREFORE** the plaintiff, Charles Gregg-El, moves this Honorable Court, after a mature consideration of the facts and arguments submitted, to deny the Defendant's motion for summary judgment, and thereafter, grant the relief requested in the complaint or conduct a hearing on the issues involved.

Respectfully Submitted this 3rd day of _____June_____, 2016,

_Charles A. Gregg-El_
Charles Gregg-El, Pro-Se

3

## CERTIFICATE OF SERVICE

    I do hereby certify under penalty of perjury that a true and exact copy of the foregoing reply to motion for summary judgment was placed in the institutional mailbox on the 3rd day of June, 2016, to be mailed to Jessica Leigh Berdichevsky, AAG, at the Office of the Attorney General of Virginia, 900 East Main Street, Richmond, Virginia 23219, counsel for the Defendants.

*Charles A. Gregg-El*
Charles Gregg-El, #1001617
River North Correctional Center
329 Dell Brook Lane
Independence, Virginia 24348